LAW OFFICES OF GEORGE N. PROIOS, PLLC
Attorneys for Plaintiffs
65 West 36th Street, 7th Floor
New York, NY 10018-7702
(212) 279-8880

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITAS RECEIVABLES TRUSTEE
(Pvt.) LIMITED,

and

SUMITOMO MITSUI BANKING
CORPORATION EUROPE LIMITED,

                   Plaintiffs,

v.

HANJIN SHIPPING CO. LTD.,

        Defendant *IN PERSONAM*,

and

EACH CONTAINER, Leased Pursuant to Any
Lease Between Unitas Finance (Ireland), Ltd.
its affiliates, successors, and/or assigns in interest
and Hanjin Shipping Co., Ltd. and its affiliates,
sccessors, or assigns in interest,

        Defendant *IN REM*.

10 CV 2882 (SDW)

**VERIFIED COMPLAINT
AND REQUEST FOR
ISSUANCE OF
<u>MARITIME ARREST</u>**

---

        Plaintiffs Unitas Receivables Trustee (Pvt.), Ltd. ("URT") and Sumitomo Mitsui Banking Corporation Europe Limited ("SMBCE") in its capacity as security trustee on behalf of itself and Container Marketing Services Limited bring this action against Defendant Hanjin Shipping Co., Ltd. ("Defendant" or "Hanjin") *in personam* and

pursuant to Supplemental D *in rem* against certain ocean going intermodal marine containers that have been improperly converted by Defendant for its own use.

In support of the instant action, Plaintiffs state the following:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rule D for Certain Admiralty and Maritime Claims, Fed. R. Civ. P. 9(h), and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court because the Marine Equipment are, or soon will be, within this District.

### The Parties

3. The ocean going intermodal marine containers at issue in this lawsuit are owned by Unitas Finance Limited ("UFL"), a Bermudian leasing company and leased by UFL to an intermediate lessor, Unitas Finance (Ireland) Limited ("Unitas Ireland"). Unitas Ireland in turn subleased the containers to Defendant Hanjin.

4. Plaintiff SMBCE holds first priority mortgages in the intermodal marine containers attached as Exhibit A pursuant to the terms of a Master Equipment Mortgage granted in favor of SMBCE by UFL.

5. In addition, Plaintiff SMBCE is the beneficiary of a receivables trust in which URT is the trustee. Among other things, the receivables trust grants SMBCE a first priority assignment of all lease payments made by Defendant. The receivables trust further grants SMBCE rights under the leases, including the right to terminate such leases and enforce rights under the subleases to Defendant Hanjin.

6. Plaintiff URT is a receivables trustee which holds on trust for certain beneficiaries (including ultimately SMBCE) the benefit of an assignment by way of security of UFL's right to receive payments from the Defendant.

7. Plaintiff URT as receivables trustee is required pursuant to the terms of the receivables trust and has been instructed by SMBCE as security trustee to, among other things, enforce, or procure the enforcement of, the terms of leases between Defendant and Unitas Ireland, to demand return of the relevant intermodal marine containers, and to collect unpaid sums owed by the Defendant to Unitas Ireland in the intermodal marine containers that are the subject of this action.

8. Defendant Hanjin is a Korean corporation doing business world-wide, including this Jurisdiction.

## FACTS COMMON TO ALL COUNTS

### Background of Parties and Their Relationships

9. In order for Defendant to earn income, it requires intermodal marine containers for the stowage and transport of goods being shipped on ocean-going vessels owned, operated, or chartered by Defendant.

10. Defendant Hanjin entered into two maritime leasing contracts with Unitas Ireland whereby the Defendant agreed to lease 5,900 intermodal marine containers from Unitas Ireland. A list of the leased containers is attached hereto as Exhibit A.

11. As set forth above, Unitas Finance Limited had original possession of the intermodal marine containers, which possession was constructively passed to Plaintiffs through, among other things, the Unitas Trust and the Master Equipment Mortgage granted in favor of SMBCE.

12. Plaintiff SMBCE and Container Marketing Services Limited ("CMS"), in their capacity as senior and junior debt providers respectively, financed a substantial portion of the purchase price of the leased containers.

13. As security for financing the leased containers, SMBCE holds first priority mortgages in the leased containers, which are recorded in Bermuda.

14. As part of the financing arrangements, URT holds the benefit of a first priority security assignment of Unitas Ireland's rights (including the right to receive payment) under the terms of any leases between Unitas Ireland and Defendant. URT holds its rights under those leases on trust for certain beneficiaries, including ultimately SMBCE in its capacity as security trustee.

15. SMBCE relies on its beneficial interest in the payments due from the Defendant under the leases and the actual receipt of those amounts owed by the Defendant under the leases to service and repay interest and principal under UFL's financing arrangements.

16. As a result of the conduct of Defendant, the debt advanced to UFL by SMBCE and CMS is now in default.

17. Those amounts due and payable to SMBCE and CMS still remain outstanding as of the date of this action.

### Background of Leasing Transactions
### Between Defendant and Unitas Ireland

18. Under the terms of the leases between Unitas Ireland and Hanjin, Defendant Hanjin agreed to make 32 quarterly lease payments to Unitas Ireland under two separate leases, with the last payments comprising balloon payments.

19. The two leases ended on two separate dates.

20. Lease number 100044 (hereinafter "Lease 44") started on April 30, 2001 and the final balloon payment of $1,350,225 was due on May 31, 2009.

21. Lease number 100045 (hereinafter "Lease 45") started on July 31, 2001 and the final balloon payment of $1,155,262.50 was due on September 6, 2009.

22. Defendant Hanjin did not make the final balloon payment under either Lease 44 or Lease 45.

23. On September 1, 2009, Unitas Ireland provided Defendant a written Notification of Termination of Lease 44 and demanded that Defendant, among other things, immediately pay the outstanding lease payments and make arrangements to redeliver the containers to agents appointed and authorized by Unitas Ireland to handle the redelivery of the containers.

24. Defendant has not made arrangements to redeliver the containers, despite repeated demands to do so.

25. Since June 1, 2009 (in respect of Lease 44) and September 7, 2009 (in respect of Lease 45), Defendant has neglected to return the containers and has wrongfully, and without Plaintiffs' consent, retained the possession and use of the containers without paying for their use.

26. Under the terms of the leasing contracts, Defendant contractually agreed that the lease payments were "absolute and unconditional irrespective of any contingency or circumstance whatsoever including, without limitation, any right of set off, counterclaim, recoupment, reimbursement, defence [sic], or other right which Lessor or lessee may have against the other . . . ."

27. Rather than abiding by its contractual obligations to pay Unitas Ireland for the use of the containers, Defendant breached the express terms of the contract by

instituting litigation in the United Kingdom asserting counterclaims and set-off rights against Unitas Ireland and UFL.

28. Since the expiration of the leases on May 31, 2009 and September 6, 2009, respectively, Defendant has continued to use the containers in maritime commerce without compensating Unitas Ireland, SMBCE, or URT for the ongoing use of the containers.

29. As a result of Defendant's actions, an event of default for failure to pay has occurred and is continuing under SMBCE's, as well as CMS' (as a result of a cross default) financing arrangements with UFL.

30. The aforementioned containers have been wrongfully withheld from Plaintiffs, their agents, and employees, notwithstanding the fact that Plaintiffs have not sold such containers nor parted with title thereto, and Plaintiffs further allege that the Plaintiffs have a right to possession of such containers and Defendant has neither legal title to nor any right to possession of such containers.

## COUNT I

### Breach of Maritime Contracts – Hanjin

31. Plaintiffs incorporate paragraphs 1 – 30 as if fully set forth herein.

32. Plaintiffs bring this claim *in personam* against Defendant Hanjin as more fully set out below.

33. The lease contracts required Defendant to make 32 quarterly lease payments to Unitas Ireland.

34. Defendant breached its contract with Unitas Ireland by defaulting on its lease obligations by, among other things, failing to pay the final lease payments due and owing under the terms of Lease 44 and Lease 45.

35. As a result of this default, Defendant is currently indebted to Unitas Ireland in the principal amount of $2,505,487.50.

36. Under the terms of Lease 44 and Lease 45 Defendant is further obligated to pay Unitas Ireland contractual monthly compound interest on any unpaid sums.

37. Under the terms of the contract, contractual monthly compound interest accrues on the unpaid lease payments the amount of 3.85% over the London Interbank Overnight Rate ("LIBOR").

38. As of April 20, 2010, accrued interest on the overdue lease payments is $73,855.07, with additional interest accruing from April 20, 2010 at the rate of $285.17 per day.

39. Defendant has further breached its contract with Unitas Ireland by continuing to use the containers in maritime commerce without reimbursing Unitas Ireland for their continued use.

40. Under the terms of the leasing contracts, Defendant is contractually obligated to reimburse Unitas Ireland a fixed *per diem* rate of $1.25 per container for each day that Defendant continues to use each container after Unitas Ireland has demanded that Defendant return the containers to Plaintiff's nominated storage depots.

41. As of April 20, 2010, Defendant owes Unitas Ireland unpaid *per diem* of $1,296,000 for the containers leased under Lease 44.

42. As of April 20, 2010, Defendant owes Unitas Ireland unpaid *per diem* of $762,750 for the containers leased under Lease 45.

43. As of April 20, 2010, the rate for Defendants continued use of the 5,900 containers covered by Lease 44 and Lease 45 is $7,375 per day.

44. Total damages as a result of Defendant's breach of contract, therefore, are **$4,638,092.57** as of April 20, 2010, and damages continue to accrue as of April 20, 2010 at a daily rate of **$7,375.**

45. In addition, as a result of Defendant's breaches described hereinabove, Defendant is liable for (presently) unliquidated claims as follows:

   a. Attorney's fees estimated at least $250,000.00;

   b. Custodia legis expenses estimated at least $100,000.00;

   c. Costs of $350.00 (filing fee), plus such other costs as this Honorable Court may require.

## COUNT II

### Arrest of Marine Equipment (Rule D)

46. Plaintiffs hereby incorporate Paragraphs 1 – 45 as if fully set forth herein.

47. Rule D of the Federal Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states that for the purpose of trying maritime actions for the possession of property, "the process shall be by a warrant of arrest of the . . . property . . . ."

48. Plaintiff SMBCE (as security trustee for itself and CMS as lenders) holds a legal mortgage over title to the containers at issue in this lawsuit.

49. Pursuant to Supplemental Rule D, Plaintiffs request that this Court issue a writ of arrest of each container listed in Exhibit A hereto that is located within the jurisdictional reach of this District, including each container located on Vessels used by Hanjin and, or its affiliates, contracting parties, or subsidiary corporations.

## **DEMAND FOR JUDGMENT**

WHEREFORE, in light of the foregoing, Plaintiffs respectfully demand judgment against all Defendants and pray as follows:

(A) **Count I (*in personam* against Hanjin):**

   a. That this Court enter judgment against Defendant Hanjin in Favor of Plaintiff URT as follows:

      i. For the Principal amount of at least $2,505,487.50 for unpaid lease payments under Lease 44 and Lease 45;

      ii. Contractual interest in the amount of $73,855.07 for the period up to and including April 20, 2010, and continuing thereafter at the daily rate of $285.17 until such time as Defendant pays the unpaid principal;

      iii. Unpaid rent for Defendant's continued use of the Containers in the amount of $2,058,750 for the period up to and including April 20, 2010 and continuing thereafter at a daily rate of $7,375 until such time as Defendant returns the intermodal marine containers to Unitas Ireland's nominated storage depots.

   b. That this Court grant Plaintiffs attorneys fees and costs of this actions;

   c. That this Court grant Plaintiffs such other and further relief as this Court deems appropriate.

(B) **Count II (Arrest of Maritime Equipment under Rule D):**

    a. That this Court, pursuant to Supplemental Rule D issue a writ of arrest of each intermodal marine container listed in Appendix A, and declare that each intermodal marine container is property of Plaintiffs.

    b. That this Court grant Plaintiffs an award of attorney's fees and costs of this action.

    c. That this Court grant Plaintiff such other and further relief as the Court deems appropriate.

Dated: June 7, 2010.

Respectfully submitted,

*/s/ George N. Proios*
George N. Proios
Law Offices of George N. Proios, PLLC
65 West 36th Street
New York, NY 10018-7702
(212) 279-8880

OF COUNSEL:

W. Charles Bailey, Jr.
J. Stephen Simms
Simms Showers, LLP
20 S. Charles Street,
Suite 702
Baltimore, Maryland 21201
(410) 783-5795

EXHIBIT A

Unitas

## Hanjin Information for SimmsShowers (230210) / Equipment

| Customer | Lease No. | Batch | Funding Tranche | Equip. Type | Equip. Size | Qty. | TEU | Series Prefix | Series From | Series To | Exclusion Qty. | Original Cost Per Cont. | Total Original Cost Per Group | End of Lease Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hanjin | 100044 | 1 | 4 | General Purpose | 40 HC | 300 | 600 | HJCU | 116261 | 116560 | | | | |
| Hanjin | 100044 | 1 | 4 | General Purpose | 40 HC | 300 | 600 | HJCU | 117911 | 118210 | | | | |
| Hanjin | 100044 | 1 | 4 | General Purpose | 40 HC | 200 | 400 | HJCU | 116561 | 116760 | | | | |
| Hanjin | 100044 | 1 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 121311 | 121410 | | | | |
| Hanjin | 100044 | 1 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 121611 | 121710 | | | | |
| Hanjin | 100044 | 1 | 4 | General Purpose | 40 HC | 200 | 400 | HJCU | 121811 | 122010 | | | | |
| Hanjin | 100044 | 2 | 4 | General Purpose | 40 HC | 200 | 400 | HJCU | 116761 | 116960 | | | | |
| Hanjin | 100044 | 2 | 4 | General Purpose | 40 HC | 500 | 1,000 | HJCU | 118211 | 118710 | | | | |
| Hanjin | 100044 | 2 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 122011 | 122110 | | | | |
| Hanjin | 100044 | 2 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 122561 | 122660 | | | | |
| Hanjin | 100044 | 3 | 4 | General Purpose | 40 HC | 200 | 400 | HJCU | 116961 | 117160 | | | | |
| Hanjin | 100044 | 3 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 117411 | 117510 | | | | |
| Hanjin | 100044 | 3 | 4 | General Purpose | 40 HC | 500 | 1,000 | HJCU | 118711 | 119210 | | | | |
| Hanjin | 100044 | 3 | 4 | General Purpose | 40 HC | 200 | 400 | HJCU | 121411 | 121610 | | | | |
| Hanjin | 100044 | 3 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 122661 | 122760 | | | | |
| Hanjin | 100045 | 1 | 4 | General Purpose | 40 HC | 250 | 500 | HJCU | 117161 | 117410 | | $2,720.00 | $680,000.00 | |
| Hanjin | 100045 | 1 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 117511 | 117610 | | $2,920.00 | $292,000.00 | |
| Hanjin | 100045 | 1 | 4 | General Purpose | 40 HC | 500 | 1,000 | HJCU | 119211 | 119710 | | $2,890.00 | $1,445,000.00 | |
| Hanjin | 100045 | 1 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 122111 | 122210 | | $2,785.00 | $278,500.00 | |
| Hanjin | 100045 | 1 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 122761 | 122860 | | $2,820.00 | $282,000.00 | |
| Hanjin | 100045 | 2 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 117611 | 117710 | | $2,920.00 | $292,000.00 | |
| Hanjin | 100045 | 2 | 4 | General Purpose | 40 HC | 500 | 1,000 | HJCU | 119711 | 120210 | | $2,890.00 | $1,445,000.00 | |
| Hanjin | 100045 | 2 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 122711 | 121810 | | $2,755.00 | $275,500.00 | |
| Hanjin | 100045 | 2 | 4 | General Purpose | 40 HC | 150 | 300 | HJCU | 122211 | 122360 | | $2,785.00 | $417,750.00 | |
| Hanjin | 100045 | 3 | 4 | General Purpose | 40 HC | 100 | 200 | HJCU | 117711 | 117810 | | $2,920.00 | $292,000.00 | |
| Hanjin | 100045 | 3 | 4 | General Purpose | 40 HC | 500 | 1,000 | HJCU | 120211 | 120710 | | $2,890.00 | $1,445,000.00 | |
| Hanjin | 100045 | 3 | 4 | General Purpose | 40 HC | 200 | 400 | HJCU | 122361 | 122560 | | $2,785.00 | $557,000.00 | $1,155,262.50 |
| | | | | | | | | | | | | | $7,701,750.00 | |

Keith J. Hottston

Page 1

4/30/2010

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

George N. Proios being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the Law Offices of George N. Proios, PLLC, attorneys for Plaintiffs.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiffs is that Plaintiffs are foreign corporations, no officers or directors of which are within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiffs.

George N. Proios

Sworn to before me this
7th day of June 2010.

Notary Public